ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

    No. 16-20835

    Hon. Robert H. Cleland

v.

James Robertson,

    Offense(s):
    Extortion
    18 U.S.C. § 1951

        Defendant.

    **Maximum Penalty:**
    20 years imprisonment (Count 1)
    20 years Imprisonment (Count 2)

    **Maximum Fine:**
    Not to exceed $250,000 (Count 1)
    Not to exceed $250,000 (Count 2)

    **Maximum Supervised Release:**
    Up to 5 Years (Count 1)
    Up to 5 Years (Count 2)

---

## Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant James Robertson and the government agree as follows:

1.   **Guilty Plea**

    A.   **Count(s) of Conviction**

1

Defendant's Initials: _____

Defendant will enter a plea of guilty to Counts One and Two of the

Information, which charge him with violations of 18 U.S.C. § 1951.

## B.   Elements of Offenses

The elements of Count One and Count Two are as follows:

(1) The defendant was a public official, or held public office;

(2) The defendant, a public official, obtained property or services not due him or his office;

(3) This property or service was to be given, with the consent of the giver, because of the official position of the defendant; and

(4) Interstate commerce, or an item moving in interstate commerce, was delayed, obstructed, or affected in any way or degree.

## C.   Factual Basis for Guilty Plea

The following facts are a sufficient and accurate basis for defendant's guilty plea(s):

COUNT ONE:
In September 2014, the defendant, JAMES ROBERTSON, was a public official in that he was employed as a police officer with the Detroit Police Department in Detroit, Michigan.  In the course of his employment as a police officer, the defendant accepted $1,000 in cash, on September 22, 2014, from the owner/operator of an automotive collision shop operating in the City of Detroit, in exchange for referring an abandoned vehicle to that collision shop for repairs.  The defendant, JAMES ROBERTSON, had the power as a police officer to locate abandoned vehicles, arrange for towing of those vehicles, and converse with the owners of the vehicles regarding a collision shop to perform the repairs.  The defendant's conduct affected interstate commerce.

COUNT TWO:
In October 2014, the defendant, JAMES ROBERTSON, was a public official in that he was employed as a police officer with the Detroit Police

2

Defendant's Initials:

Department in Detroit, Michigan. In the course of his employment as a police officer, the defendant accepted $1,000 in cash from the owner/operator of an automotive collision shop operating in the City of Detroit, in exchange for referring an abandoned vehicle to that collision shop for repairs. The defendant, JAMES ROBERTSON, had the power as a police officer to locate abandoned vehicles, arrange for towing of those vehicles, and converse with the owners of the vehicles regarding a collision shop to perform the repairs. The defendant's conduct affected interstate commerce.

2.    **Sentencing Guidelines**

    A.    **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

    B.    **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, the guideline range is 24 – 30 months, as set forth on the attached worksheets. If the Court finds:

> 1. That defendant's criminal history category is higher than reflected on the attached worksheets, or
>
> 2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 24 – 30 months, the higher guideline range becomes the **agreed range**. The Court is not bound by this

3                                                 Defendant's Initials: _____

recommendation concerning the guideline range, and the defendant understands that he will have no right to withdraw his guilty plea if the Court does not follow this recommendation. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

## 3.   Sentence

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

### A.   Imprisonment

Pursuant to Rule 11(c)(1)(B), the government makes a non-binding recommendation that the sentence of imprisonment be no more than the top of the sentencing guideline range as determined by Paragraph 2B.

### B.   Supervised Release

4                                                        Defendant's Initials

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is 5 years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

C. **Special Assessment**

Defendant will pay a special assessment of $200.00.

D. **Fine**

There is no agreement as to fines.

E. **Restitution**

Restitution is not applicable to this case.

4. **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

5. **Each Party's Right to Withdraw from This Agreement**

5                                                          Defendant's Initials: _____

The recommendations in Paragraph 3 are not binding on the Court. Defendant has no right to withdraw his guilty plea and the parties have no right to withdraw from this agreement if the Court decides not to follow them.

## 6. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 30 months, the defendant also waives any right he may have to appeal his sentence on any grounds. If the defendant's sentence of imprisonment is at least 24 months, the government waives any right it may have to appeal the defendant's sentence.

This waiver does not bar filing a claim of ineffective assistance of counsel in court.

## 7. Consequences of Withdrawal of Guilty Plea(s) or Vacation of Conviction(s)

If defendant is allowed to withdraw his guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not

6

Defendant's Initials:

filed in a timely manner, including any claim that they were filed after the limitations period expired.

8.   **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

9.   **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

7                                          Defendant's Initials:

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

10. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on 1/13/2017. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

Barbara L. McQuade
United States Attorney

David A. Gardey
Assistant United States Attorney
Chief, Public Corruption

Sarah Resnick-Cohen
Assistant United States Attorney

Craig Weier
Assistant United States Attorney

Date: 1/4/2017

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

David Lee
Attorney for Defendant
Date: 1/10/17

James Robertson
Defendant
Date: 1/8/17

8

Defendant's Initials: JR

| Defendant: | James Robertson | Count: | Counts One and Two |
|---|---|---|---|
| Docket No.: | 16-20835 | Statute(s): | 18 U.S.C. 1951 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

### 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2C1.1(a)(1) | Extortion | 14 |
| 2C1.1(b)(1) | More than 1 bribe | 2 |
| 2C1.1(b)(3) | Public Official in a Sensitive Position | 4 |
| | | |
| | | |

### 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

A-1

| Defendant: | James Robertson | Count: | Counts One and Two |
|---|---|---|---|
| Docket No.: | 16-20835 | Statute(s): | 18 U.S.C. 1951 |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

20

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*   ✓

*If the defendant has no criminal history, check this box and skip Worksheet C.*   ✓

A-2

| Defendant: | James Robertson | Count: | Counts One and Two |
|---|---|---|---|
| Docket No.: | 16-20835 | Statute(s): | 18 U.S.C. 1951 |

## WORKSHEET B (Multiple Counts)

**Instructions** (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

    - assign 1 unit to the Group with the highest offense level,
    - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
    - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
    - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

2. **GROUP TWO:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

3. **GROUP THREE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

4. **GROUP FOUR:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

5. **TOTAL UNITS**



B-1

| Defendant: | James Robertson | Count: | Counts One and Two |
|---|---|---|---|
| Docket No.: | 16-20835 | Statute(s): | 18 U.S.C. 1951 |

**6. INCREASE IN OFFENSE LEVEL**

1 unit ⟶ no increase     2 1/2 – 3 units ⟶ add 3 levels
1 1/2 units ⟶ add 1 level     3 1/2 – 5 units ⟶ add 4 levels
2 units ⟶ add 2 levels     > 5 levels ⟶ add 5 levels



**7. ADJUSTED OFFENSE LEVEL OF GROUP
WITH THE HIGHEST OFFENSE LEVEL**

**8. COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.



B-2

| Defendant: | James Robertson | Count: | Counts One and Two |
|---|---|---|---|
| Docket No.: | 16-20835 | Statute(s): | 18 U.S.C. 1951 |

## WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):_____

### 1.    PRIOR SENTENCES

**Prior Sentence of Imprisonment Exceeding 13 Months**          **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**          **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**          **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

C-1

| Defendant: | James Robertson | Count: | Counts One and Two |
|---|---|---|---|
| Docket No.: | 16-20835 | Statute(s): | 18 U.S.C. 1951 |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*      If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*      A release date is required in only two situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | James Robertson | Count: | Counts One and Two |
|---|---|---|---|
| Docket No.: | 16-20835 | Statute(s): | 18 U.S.C. 1951 |

2. **COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the sentence from which it resulted.

3. **PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence.   But enter no points where the sentences are considered related because the offenses occurred on the same occasion.   (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)   Identify the crimes of violence and briefly explain why the cases are considered related.  NOTE: No more than 3 points may be added under this item.

4. **TOTAL CRIMINAL HISTORY POINTS**
   Enter the sum of the criminal history points entered in Items 1-4.

5. **CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

I

| Defendant: | James Robertson | Count: | Counts One and Two |
|---|---|---|---|
| Docket No.: | 16-20835 | Statute(s): | 18 U.S.C. 1951 |

## WORKSHEET D (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**
   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

   > 20

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

   > -3

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.

   > 17

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

   > I

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
   a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.
   b. Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
   Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

   > 24-30

   months

| Defendant: | James Robertson | Count: | Counts One and Two |
|---|---|---|---|
| Docket No.: | 16-20835 | Statute(s): | 18 U.S.C. 1951 |

7.  **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
    If the maximum sentence authorized by statute is below, or a minimum
    sentence required by statute is above, the guideline range entered in Item 6,
    enter either the guideline range as restricted by statute or the sentence
    required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of
    conviction is required by statute to be consecutive to the sentence on any
    other count of conviction, explain why.



months

D-2

| Defendant: | James Robertson | Count: | Counts One and Two |
|---|---|---|---|
| Docket No.: | 16-20835 | Statute(s): | 18 U.S.C. 1951 |

## WORKSHEET E (Authorized Guideline Sentences)

**1.  PROBATION**

    a.  Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

    ☒    1.  Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

    ☐    2.  Probation is authorized by the guidelines (minimum of guideline range = zero months).

    ☐    3.  Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

    b.  Length of Term of Probation (U.S.S.G. § 5B1.2)

    ☐    1.  At least 1 year but not more than 5 years (total offense level ≥ 6)

          2.  No more than 3 years (total offense level < 6).

    c.  Conditions of Probation  (U.S.S.G. § 5B1.3)

**2.  SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

    ☒    a.  A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

    ☐    b.  A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months).  The authorized length of the term of supervised release is set forth below in Item 4.b.

**3.  IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

E-1

| Defendant: | James Robertson | Count: | Counts One and Two |
|---|---|---|---|
| Docket No.: | 16-20835 | Statute(s): | 18 U.S.C. 1951 |

**4.   SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

   a.   Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)

      The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

   b.   Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

[X]    1.   At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

[ ]    2.   At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

[ ]    3.   1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

[ ]    4.   The statute of conviction requires a minimum term of supervised release of ▒▒▒ years.

   c.   Conditions of Supervised Release (U.S.S.G. § 5D1.3)

      The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

**5.   RESTITUTION (U.S.S.G. § 5E1.1)**

[ ]    1.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

[ ]    2.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $_____.

| Defendant: | James Robertson | Count: | Counts One and Two |
|---|---|---|---|
| Docket No.: | 16-20835 | Statute(s): | 18 U.S.C. 1951 |

3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

4. The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☒ 5. Restitution is not applicable.

## 6. FINE (U.S.S.G. § 5E1.2)

a. <u>Fines for Individual Defendants</u>

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table.  (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. <u>Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))</u>

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $5,000 | $50,000 |

| Defendant: | James Robertson | Count: | Counts One and Two |
|---|---|---|---|
| Docket No.: | 16-20835 | Statute(s): | 18 U.S.C. 1951 |

7. **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**

The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $200 .

8. **FORFEITURE (U.S.S.G. § 5E1.4)**

| | Assets of the defendant will be forfeited. | ☒ | Assets of the defendant will not be forfeited. |
|---|---|---|---|

9. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

10. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

E-4

**(Rev. April 2014)**