UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,            CASE NO. 16-cr-20835-01

                 Plaintiff,            HON. ROBERT H. CLELAND

v.

D-1 JAMES ROBERTSON,

                 Defendant.
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America respectfully submits this Sentencing Memorandum regarding defendant JAMES ROBERTSON [ROBERTSON], who will be sentenced on April 24, 2018 at 3:30pm.  For the reasons that follow, the United States recommends that the Court determine the applicable sentencing range in this case is 24-30 months and fashion its sentence accordingly.

## INTRODUCTION

ROBERTSON was a police officer with the Detroit Police Department and is charged with two counts of accepting cash payments in exchange for referring abandoned vehicles to a particular collision shop in the City of Detroit, in violation of both the policies and procedures of the Detroit Police Department and federal law.  Notably, as described in the Presentence Investigation Report [PSR],

ROBERTSON also (a) received money for referring vehicles to a second collision shop in the City of Detroit; (b) threatened the owner of a vehicle whom he referred to a particular collision shop and whom he feared would report him; (c) pressured a vehicle owner to have his vehicle repaired by one of the collision shops that was paying him; and (d) caused a recovered vehicle to be towed to one of the collision shops that was paying him without the knowledge or consent of the vehicle's owner. For his own financial gain, ROBERTSON broke the law, ignored his oath as a police officer, and disregarded his professional ethics and obligations. In doing so, he eroded the trust our community places in the Detroit Police Department. For these reasons, the United States respectfully requests that the Court impose a custodial sentence, derived from the sentencing range of 24-30 months, in light of the other pleadings and sentencing factors applicable in this case.

## APPLICATION OF 18 U.S.C. § 3553

Title 18, United States Code, Section 3553(a) requires the Court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. In order to determine the particular sentence to impose, this Court must consider the familiar statutory factors listed in § 3553(a)(1)-(7). An application of the sentencing factors to these facts justifies a custodial sentence.

1.     _Nature and Seriousness of the Offense_

The nature and circumstances of the offense are serious.  ROBERTSON was a police officer who accepted bribes, disregarding his obligation to uphold the law.  ROBERTSON's actions demonstrated patent disrespect for his duties and responsibilities as a law enforcement officer.  His criminal activity was not the result of a spontaneous decision borne out of financial distress.  Rather, it was generated by frequent decisions over time to break the law; decisions well within his power.  He could have ceased his criminal activity at any time but chose, instead to continue it repeatedly.

In assessing the nature and circumstances of the offense, the Court should also take into account the violations of trust inherent in ROBERTSON's conduct. ROBERTSON was a police officer and, as such, the citizens of Detroit relied upon him to advise them without the influence of self-interest.  Instead, ROBERTSON allowed his advice and guidance to be fundamentally compromised by the lure of cash.  Any officer who participates in such a scheme erodes the essential public trust placed in the Detroit Police Department. A term of incarceration is necessary to reflect the nature and seriousness of these types of corruption offenses.

2.     _Characteristics of the Defendant_

ROBERTSON received the familial support, resources, and virtues necessary to live a law-abiding life and to understand the consequences of

3

choosing not to do so. Given his support and education, he could have been an outstanding police officer. Instead, he chose to employ his skills to enrich himself by serving as a cog in a scheme that deprived citizens of accurate and reliable information. Instead of working legitimately, he made a deliberate choice, not in the heat of passion, but after careful deliberation. His willingness to abuse the trust the public placed in him, in exchange for cash, speaks loudly about his character and integrity and justifies a custodial sentence.

ROBERTSON should be commended for the positive relationships he has developed over time, as described in the PSR. Daily contact and full financial support for his teenage daughter is laudable. Sadly, however, it was ROBERTSON's choice to jeopardize that relationship, and it is of some concern that, as of the date of the PSR, he had not yet shared what he has done and the fact that he faces incarceration with his daughter.

Of concern, as well, are two issues reported in the PSR reflective of certain of ROBERTSON's characteristics. The first issue is ROBERTSON's repeated and apparently adamant denials that he had taken bribes to refer cars to collision shops. Indeed, it was not until federal agents played him the audio/video recordings of him accepting money that he finally admitted it. To his credit, he also then admitted to criminal conduct that was not recorded, that is, his acceptance of money from another collision shop owner; however, this admission

4

may have been a result of ROBERTSON's belief that agents had also recorded those activities.

The second issue giving rise to some concern about ROBERTSON is his apparent attempt to mislead the interviewing probation officer by portraying himself as someone with depression and alcohol abuse issues in need of treatment. The probation officer was concerned enough about this portrayal that she notified ROBERTSON's supervising pretrial services officer that he might need counseling and substance abuse services. When the pretrial services officer discussed the issue with him, ROBERTSON "denied being in need of substance abuse treatment," and said that he told the probation department that "he had a problem in an effort to get him into a residential drug abuse program, if he were sentenced to a term of custody." (PSR at 13, ¶47). ROBERTSON's self-description as someone in need of substance abuse treatment appears to be an attempt to manipulate the criminal justice system. Having worked within the system for many years, he likely knew that declaring himself an alcoholic could avoid or reduce a potential custodial sentence. This is troubling to the government and should also trouble the Court.

3.   *Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment*

Given the Defendant's position as an officer at the time of the offense, it is crucial that the Court's sentence addresses the seriousness of breaching the public

trust and also promotes respect for the law. The public must be shown that even law enforcement officers who break the law and betray the public trust will be punished, especially at a time when so many democratic institutions, including the justice system, are under attack.  A custodial sentence will send the message that no one is above the law, especially those entrusted to uphold the law.

        4.     *Deterrence to Criminal Conduct and Protection of the Community*

A guideline sentence is necessary to deter others from engaging in criminal activity of this nature.  The justice system must send the appropriate message to law enforcement officers who are inclined to disregard the laws they are obligated to enforce -- a clear message that the justice system will punish such conduct.

Every day, law enforcement officers face the temptation to abuse their positions of power and the public trust. Law enforcement officers who are inclined in this direction are capable of being deterred and word of significant penalties for such conduct travels quickly and widely within their professional and personal networks.  A custodial sentence within the applicable guideline range would send the message that there are serious consequences for public corruption and, accordingly, should have a significant deterrent effect.  As noted in *United States v. Peppel*, 707 F.3d 627 (6th Cir. 2013), because white-collar crimes are "'more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence.'"  *Peppel*, 707 F.3d at 637

6

(quoting *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006)).  And, as

aptly stated by a federal court plagued by corruption in its district:

> Unlike some criminal justice issues, the crime of public corruption can be
> deterred by significant penalties that hold all offenders properly
> accountable. The only way to protect the public from the ongoing problem
> of public corruption and to promote respect for the rule of law is to
> impose strict penalties on all defendants who engage in such conduct,
> many of whom have specialized legal training or experiences. Public
> corruption demoralizes and unfairly stigmatizes the dedicated work of
> honest public servants. It undermines the essential confidence in our
> democracy and must be deterred if our country and district is ever to
> achieve the point where the rule of law applies to all --- not only to the
> average citizen, but to all elected and appointed officials.

*United States v. Spano,* 411 F.Supp.2d 923, 940 (N.D. Ill. 2006).

Additionally, ROBERTSON's conduct during and after the offense,

including his initial fervent denials and his attempt to manipulate the probation

officer, suggests that the public may still require some protection from him.  The

government is not convinced, given all of these facts, that ROBERTSON fully

appreciates the seriousness of his conduct.  A custodial sentence is necessary,

then, to address both general and specific deterrence.

     5.    *The Need to Provide the Defendant with Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner*

This sentencing factor, as well, justifies some custodial sentence.

ROBERTSON will no longer be employed as a law enforcement officer. A

custodial sentence would expose him to further education and long-term trades.

6.    *The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who have been Found Guilty of Similar Conduct*

While the sentencing guidelines are advisory, they remain the sole means available for assuring some measure of uniformity in sentencing, fulfilling a key Congressional goal in adopting the Sentencing Reform Act of 1984.  Accordingly, the Supreme Court has held that "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process" in order to assure fair, proportionate, and uniform sentencing of criminal offenders. *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007).  The government is confident that this Court will do so.

## CONCLUSION

ROBERTSON's conduct was a direct affront to the trust our society places in law enforcement officers, and his sentence should reflect the harm his conduct

caused as well as the need to deter future offenders.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

s/Sarah Resnick Cohen
SARAH RESNICK COHEN (P51968)
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9637
Email: sarah.cohen@usdoj.gov

s/Craig A. Weier
CRAIG A. WEIER (P33261)
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9678
Email:  craig.weier@usdoj.gov

April 9, 2018

9

CERTIFICATE OF SERVICE

I hereby certify that on Monday, April 09, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Opposing Counsel

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

N/A

*s/Craig A. Weier*
Craig A. Weier
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Craig.Weier@usdoj.gov
(313) 226-
P33261